IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>WILLIAM KURT DOBSON,<br><br>　　　　　Defendant. | ORDER<br><br>AND<br><br>MEMORANDUM DECISION<br><br><br>Case No. 2:06-CR-563 TC |

Defendant William Kurt Dobson has been indicted on two counts of intentionally intercepting, or endeavoring to intercept, electronic communications, in violation of the wiretap statute, 18 U.S.C. § 2511.  He has also been indicted on one count of obtaining information from a protected computer, in violation of 18 U.S.C. § 1030.

The United States filed three motions in limine concerning defense theories that the Defendant purportedly has raised with the Government.  Two of the motions in limine focus on an exception to liability under the wiretap statute.  That exception provides that "[i]t shall not be unlawful under this chapter for a person not acting under color of law to intercept a wire, oral, or electronic communication . . . where one of the parties to the communication has given prior consent to such interception . . . ."  18 U.S.C. § 2511(2)(d) (emphasis added).  The third motion in limine focuses on the purported defense theory of mistake of law and fact as to the wiretap counts.

On October 2, 2007, the court held a hearing on the United States' three motions in

limine. For the reasons set forth during the hearing, the court ORDERS as follows:

1. The Government's Motion to Preclude Defendant's Claim of Authorization or Consent Absent Proof of Actual Authorization or Consent (Dkt # 63) is DENIED ON PROCEDURAL GROUNDS because the motion is premature. The court will address the issues raised in the motion at trial, if and when they come up. The court emphasizes that only relevant evidence will be admitted. If the Defendant raises certain defense theories (as articulated in the Government's briefs) that fall outside the express exceptions to 18 U.S.C. § 2511(1)(a), he risks an objection that most likely will be sustained.

2. The Government's Motion to Exclude Evidence and Argument of Authorization or Consent By Virtue of Defendant's Status as a Company Founder, Inventor, or Patent-Holder (Dkt # 64) is DENIED ON PROCEDURAL GROUNDS because the motion is premature. The same admonition set forth in Paragraph 1 applies here.

3. The Government's Motion to Preclude Defenses of Mistake of Law and Fact as to Wiretap Counts (Dkt # 65) is DENIED ON PROCEDURAL GROUNDS because it is premature. The same admonition set forth in Paragraph 1 applies here.

DATED this 3rd day of October, 2007.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
Chief Judge